UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| **JORDAN BONDIE** | ) | **CIVIL ACTION** |
| Plaintiff, | ) | NO. |
| | ) | |
| **VERSUS** | ) | |
| | ) | **DISTRICT JUDGE:** |
| **PILOT TRAVEL CENTER LLC DBA** | ) | |
| **PILOT TRAVEL CENTER #274** | ) | |
| Defendant. | ) | **MAGISTRATE JUDGE:** |
| | ) | |
| | ) | |
| | ) | |

## NOTICE OF REMOVAL

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
      FOR THE WESTERN DISTRICT OF LOUISIANA, LAFAYETTE DIVISION

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Pilot Travel Center LLC (hereinafter "Pilot"), which hereby files this Notice of Removal of the captioned civil action, pursuant to 28 U.S.C. § 1441, removing this matter from the 16th Judicial District Court, Parish of St. Martin, State of Louisiana to the United States District Court for the Western District of Louisiana based upon this Honorable Court's original federal subject-matter jurisdiction over this action; specifically, this Honorable Court's diversity of citizenship jurisdiction as set forth in 28 U.S.C. § 1332, and would show as follows:

1. On June 28, 2022, Jordan Bondie ("Plaintiff"), filed the attached Petition, entitled *Jordan Bondie versus Pilot Travel Center LLC DBA Pilot Travel Center #274*, bearing suit No. 93049 in the 16th Judicial District Court, Parish of St. Martin, State of Louisiana, against Defendant claiming damages as a result of a slip and fall in the parking area of the travel

center on September 2, 2022.[1] In the Petition, Plaintiff alleges that he was at the Pilot travel center in Breaux, Bridge, Louisiana, inspecting his semi-truck when he slipped on algae, mud and grass that was in the parking lot.[2] Plaintiff further alleges that he sustained personal injuries as a result of this accident.[3]

2. Copies of all available pleadings, process, orders and other filings in the state court lawsuit are attached to this Notice as required by 28 U.S.C. § 1446(a).[4]

3. Pilot desires to have this cause of action removed from the 16th Judicial District Court for the Parish of St. Martin, State of Louisiana to the United States District Court for the Western District of Louisiana pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441.

## JURISDICTIONAL BASIS FOR REMOVAL

4. The State Court Action is not a non-removable action as described in 28 U.S.C. §1445.

5. Removal is proper because original federal subject-matter jurisdiction based on diversity of citizenship exists in accordance with 28 U.S.C. § 1332. Specifically, there is complete diversity between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## COMPLETE DIVERSITY BETWEEN THE PARTIES

6. Under 28 U.S.C. § 1332(a), there is complete diversity between the parties because:

   1. Plaintiff, Jordan Bondie, is domiciled in Parkers Lake, Kentucky, and is therefore deemed to be a citizen of Kentucky.[5]

   2. Plaintiff correctly alleges that Defendant, Pilot Travel Center LLC, is a foreign organization formed pursuant to the laws of the State of Delaware.[6] Pilot's principal place of business is located in Knoxville, TN. Further, none of its members are citizens of Louisiana. Pilot's only members are National Indemnity

---

[1] Exhibit A, Plaintiff's Petition for Damages, Paragraph 4.
[2] *Ibid.*, Paragraph 5.
[3] *See,* Exhibit A *(en globo)*
[4] Exhibit B *(en globo)*.
[5] Exhibit A, Preamble.
[6] *Ibid.*, Paragraph 1.

Company, formed under the laws of Nebraska with its principal place of business in Omaha, NE, and Pilot Corporation, incorporated under the laws of Tennessee with its principal place of business in Knoxville, TN.

## AMOUNT IN CONTROVERSY

7. Additionally, removal is proper because the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. §1332(a).

8. A defendant must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs; however, the defendant is not required "to prove to a legal certainty" that the plaintiff will recover more than the jurisdictional amount.  The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate the amount in controversy exceeds $75,000 "in either of two ways:  (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000, or (2) by setting forth the facts in controversy--preferably in the removal petition, but sometimes by affidavit--that support a finding of the requisite amount."[7]

9. Here, Plaintiff himself provided records that prove the amount in controversy well exceeds the $75,000 threshold required for removal.[8]  Plaintiff does not allege the amount of his damages in the Petition, nor does Plaintiff allege that his damages are less than a specific amount for purposes of establishing lack of jurisdiction of federal courts due to insufficiency of damages as allowed by Louisiana Code of Civil Procedure article 893(A)(1).  Nonetheless, Plaintiff is claiming the following damages as a result of the incident at issue:

   a.   Injuries to his neck, back and other parts of his mind and body;

---

[7] *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995).
[8] *See*, Exhibit A (*en globo*).

  b. Aggravation of pre-existing conditions;

  c. Pain and suffering, mental pain and anguish, including worry, upset and loss of enjoyment of life;

  d. Medical bills;

  e. Loss of income and/or earning capacity; and

  f. Loss of the ability to provide services for himself that he would have otherwise provided.[9]

10. Plaintiff submitted a formal demand to Pilot on June 19, 2023, for more than two times the $75,000 threshold for removal. Plaintiff was evaluated on the day of the accident, September 2, 2022, and the medical records show that he underwent CT scans of the thoracic and lumbar spines.[10] The CT scan of the thoracic spine showed a grade I acute anterior wedge compression fracture deformity involving T12.[11] The following day, he was reevaluated and it was found that he had approximately 20% loss of height and that he was again diagnosed with a grade 1 anterior T12 wedge compression fracture.[12] He returned to the hospital two days later and it was noted that he had a decreased sensation in both legs while performing his work duties.[13] The records also show he continued to treat for three months and was seen again in December 2022 when it was noted that he had worn a brace for the fracture during this time and had recently started physical therapy.[14]

11. In the same demand, Plaintiff outlined various specific medical costs incurred as a result of the accident, which include:

  a. Acadian ambulance service (2 trips) …. $4,605.06

---

[9] *See*, Exhibit A.
[10] *See*, Exhibit C, Plaintiff's Extracted Medical Records (*en globo*).
[11] *Ibid*.
[12] *Ibid*.
[13] *Ibid*.
[14] *Ibid*.

    b. St. Martin Hospital …. $4,591.00

    c. St. Martin Hospital …. $2,290.00

    d. Regional Radiology …. $1,176.00

    e. Ochsner Lafayette General Medical Center … $1,037.00

    f. Dr. John J Vaughan (The Kentucky Spine Institute) …. $1,585.00

    g. Lighthouse Physical Therapy …. $1,820.000

    Total Listed Medical Expenses to date …. $17,104.06.

12. Plaintiff alleges he was prescribed morphine and Toradol for his back pain. He alleges that he endures pain even a year after his accident.

13. Plaintiff's demand also alleges a gross annual income of $184,089.57 at the time of the accident. In connection with this accident, Plaintiff claims he missed four months of earnings. Therefore, his claimed lost wages alone total over $60,000.00.

14. Therefore, Pilot, while contesting liability and the damages alleged by Plaintiff, meets the burden of establishing that the amount in controversy is in excess of $75,000, exclusive of interest and costs based on the evidence set forth by Plaintiff regarding the damages incurred to date. Once the Pilot meets the burden of proving that the amount in controversy exceeds $75,000, Plaintiff can only defeat removal by proving "to a legal certainty" or stipulating that the claim will not exceed $75,000.

### TIMELY REMOVAL

15. This Notice of Removal of the case to the United States District Court is timely filed by Pilot, as it is filed not more than thirty (30) days after Pilot's receipt of the Petition which was by service of the Petition for Damages on Pilot through the Secretary of State, in accordance with 28 U.S.C. § 1446(c)(1). Service was accomplished August 8, 2023.

16. The 16th Judicial District Court for the Parish of St. Martin is located within the judicial district for the Western District of Louisiana pursuant to 28 U.S.C. § 98(a). Therefore, venue is proper in the Western District of Louisiana in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."[15]

17. This action is removable under and by virtue of the acts of Congress of the United States, and Pilot desires to remove this action to this Honorable Court.

18. Pilot has not yet answered Plaintiff's Petition, nor has Pilot appeared in the action in any way to defend against the requested relief. Pilot will respond the Petition pursuant to the time period set forth in Rule 81 of the Federal Rules of Civil Procedure or other deadline set by the Court or by agreement among the parties.

Accordingly, Defendant, Pilot Travel Center LLC, respectfully prays that the above-captioned action be removed to the United States District Court for the Western District of Louisiana, and that this Honorable Court maintain subject-matter jurisdiction over this action for all further proceedings in accordance with the provisions of 28 U.S.C. § 1441 *et seq*.

    Respectfully submitted,

    **LEWIS, BRISBOIS, BISGAARD & SMITH, LLP**

    _/s/ Thomas Cortazzo_
    THOMAS J. CORTAZZO, T.A. (#18174)
    MARIELA CRUZ (#39149)
    LEWIS BRISBOIS BISGAARD & SMITH LLP
    400 Poydras Street, Suite 1300
    New Orleans, Louisiana, 70130
    Telephone: (504) 322-4100
    Facsimile: (504) 754-7569

---

[15] 28 U.S.C. § 1446(a).

Email:  Tom.Cortazzo@lewisbrisbois.com
Mariela.Cruz@lewisbrisbois.com

*Attorneys for Defendant, Pilot Travel Center LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of September, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.  I further certify that I have served a copy of the foregoing pleading on all parties to this proceeding by e-mail ONLY.

_____
THOMAS J. CORTAZZO