UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JORDAN BONDIE | CIVIL ACTION NO.  6:23-CV-01209 |
| VERSUS | JUDGE DAVID C. JOSEPH |
| PILOT TRAVEL CENTER LLC | MAGISTRATE JUDGE DAVID J. AYO |

### MEMORANDUM RULING AND ORDER

Before the Court is PILOT TRAVEL CENTER LLC's MOTION TO COMPEL RESPONSES FROM PLAINTIFF TO WRITTEN DISCOVERY AND FOR REIMBURSEMENT OF COSTS AND FEES. (Rec. Doc. 21).  Plaintiff Jordan Bondie did not oppose this motion within 14 days as required by Local Rule 7.4.[1] For the reasons below, the motion is GRANTED.

### I.    Factual and Procedural Background

This matter arises from a September 2, 2022 slip and fall incident in the parking area of the Pilot Travel Center #274 in Breaux Bridge, Louisiana.  Bondie seeks damages resulting from the injuries allegedly sustained when he slipped on algae, mud, and grass while he was inspecting his semi-truck before starting his route. (Petition for Damages, Rec. Doc. 1-1).

On July 28, 2023, Bondie filed suit in the 16th Judicial Court, St. Martin Parish, Louisiana, against Pilot Travel Center LLC ("Pilot"), as alleged owner of the

---

[1] The motion was filed on July 1, 2024 and no opposition has been filed as of the date of this ruling. Local Rule 7.4 provides in pertinent part:  "If no Notice of Motion Setting issues and the judge does not order briefing instructions, the default rule is that a memorandum in opposition may be filed within 14 days after a motion is filed, and a reply memorandum may be filed within seven days after the opposition is filed."

1

Pilot Travel Center #274. (*Id.* at ¶¶ 2-6). Pilot removed the case to this Court on September 5, 2023. (Rec. Doc. 1).

Pilot filed the instant motion on July 1, 2024. (Rec. Doc. 21). Pilot alleges that it served Interrogatories and Requests for Production of Documents on Bondie via email on November 15, 2023, (Rec. Docs. 21-3, 21-4); that on May 1, 2024, Pilot contacted Bondie's counsel setting a discovery conference for May 1, 2024 (Rec. Doc. 21-5) during which Bondie's counsel agreed to provide signed records authorizations by May 2, 2024, and provide complete responses to discovery by May 22, 2024; and that Pilot had not received the responses. (Rec. Doc. 21, pp. 1,2). Pilot also requests all costs associated with the preparation of the present motion, including attorney's fees, based on Bondie's failure to respond to said discovery requests.

## II.    Applicable Standards and Analysis

"District courts have broad discretion in all discovery matters." *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 270 (5th Cir. 2006). *See also Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990) ("Trial courts possess broad discretion to supervise discovery."). Rule 26(b)(1) of the Federal Rules of Civil Procedure provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

2

Fed. R. Civ. P. 26(b)(1).

A party seeking discovery may move the Court to compel discovery when a party fails to answer an interrogatory under Rule 33 or fails to produce documents requested under Rule 34. Fed. R. Civ. P. 37(a)(B).  The party seeking to compel discovery bears the burden of showing that the information sought is relevant to the action or will lead to the admissibility of admissible evidence. *Wymore v. Nail*, 2016 WL 1452437, at *1 (W.D. La. Apr. 13, 2016).  Once the moving party shows this, the burden shifts to the party avoiding discovery to substantiate its objections. *Id.*  The objecting party "must state with specificity the objection, ... and not merely that it is 'overly broad and burdensome' or 'oppressive' or 'not reasonably calculated to lead to the discovery of admissible evidence.'" *Id.* (quoting *Reyes v. Red Gold, Inc.*, 2006 WL 2729412 (S.D. Tex. Sept. 25, 2006)).

If the court grants a motion to compel, "the court must ... require the party ... whose conduct necessitated the motion ... to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, the court must not award fees if "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; the opposing party's nondisclosure, response, or objection was substantially justified; or other circumstances make an award of expenses unjust." *Id.*

In this case, it appears that Bondie has simply refused to respond to Pilot's initial request, did not comply with the agreed upon extended date of May 22, 2024, and has not responded to Pilot's motion to compel.  In support of the instant motion,

3

Pilot documented its good faith efforts to obtain the requested discovery responses without involving the court, and Bondie has offered no countervailing evidence or argument. Accordingly, this Court finds that the Pilot's motion has merit and finds that at least at this stage none of the three factors precludes an award of fees and expenses. This Court was provided with no evidence or argument suggesting that Bondie's failure to respond to Pilot's discovery requests was substantially justified. Finally, this Court is unaware of any circumstances that would make an award of fees and expenses unjust under the facts of this case.

Accordingly, Bondie is ordered to show cause why Pilot is not entitled to recover the attorneys' fees and expenses incurred in bringing this motion.

### III. Conclusion

Based on the foregoing,

IT IS ORDERED that PILOT TRAVEL CENTER LLC's MOTION TO COMPEL RESPONSES FROM PLAINTIFF TO WRITTEN DISCOVERY AND FOR REIMBURSEMENT OF COSTS AND FEES. (Rec. Doc. 21) is GRANTED and Plaintiff Jordan Bondie has until August 5, 2024 to respond to Pilot's Interrogatories and Requests for Production.

IT IS FURTHER ORDERED that Plaintiff shall provide to the Court his response to the requested attorney's fees no later than August 15, 2024.

Lafayette, Louisiana, this 1st day of August, 2024.



David J. Ayo
United States Magistrate Judge